IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| HARVEY LELANE SEARCY,  )<br>    ID # 02031801,  )<br>        Petitioner,  )<br>)<br>vs.  )<br>)<br>DIRECTOR, Texas Department of Criminal  )<br>Justice, Correctional Institutions Division,  )<br>        Respondent.  )  | No. 3:19-CV-580-K-BH<br><br><br>Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court is the *Petition for a Writ of Habeas Corpus by a Person in State Custody*, received on March 8, 2019 (doc. 3). Based on the relevant filings and applicable law, the petition should be **DENIED** with prejudice.

## I.   BACKGROUND

Harvey Lelane Searcy (Petitioner), an inmate currently incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), challenges his October 18, 2015 conviction and sentence in the 40th Judicial District Court of Ellis County, Texas, under 28 U.S.C. § 2254. (*See* doc. 3 at 2.)[2] The respondent is the Director of TDCJ-CID (Respondent). (*See id.* at 1.)

### A.   State Court Proceedings

In 2014, Petitioner was indicted for assault on a public servant in Cause No. 39316CR in the 40th District Court of Ellis County, Texas. (*See* doc. 11-11 at 29.) On May 11, 2015, the

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

prosecution filed a notice of intent to seek an enhancement of the punishment for the charged offense based on a prior felony conviction. (*See* doc. 11-11 at 30.) The enhancement paragraph stated that Petitioner had prior federal felony convictions for manufacturing counterfeit obligations of the United States, and for unlawfully passing and uttering of falsely made, counterfeited, and altered obligations and securities of the United States. (*See id.*; *see also United States v. Searcy*, No. 3:07-CR-212-L(1), doc. 29 (N.D. Tex. May 15, 2008).) Petitioner proceeded to trial and sentencing *pro se* with appointed standby counsel in October 2015. (*See* doc. 11-11 at 42; docs. 11-16, 11-17, 11-18, 11-19, 11-20.) After a jury found him guilty of the charged offense, the trial court found that the enhancement paragraph was true and sentenced Petitioner to 20 years' imprisonment in the TDCJ-CID. (*See* doc. 11-13 at 36, 39.) The judgment was affirmed on appeal. *See Searcy v. State*, No. 10-15-00370-CR, 2016 WL 4150693 (Tex. App.—Waco Aug. 3, 2016, no pet.). Petitioner did not file a petition for discretionary review (PDR) with the Texas Court of Criminal Appeals. (*See* doc. 3 at 3; doc. 10-1 at 2.)

His first state habeas application, signed on July 25, 2017, was received by the trial court on August 15, 2017. (*See* doc. 11-15 at 4-41.) On September 18, 2017, the trial court entered an order denying the relief requested in his state habeas application without an evidentiary hearing. (*See* doc. 11-22 at 39.) On December 13, 2017, the Texas Court of Criminal Appeals denied the habeas application without written order. (*See* doc. 11-1); *see also Ex parte Searcy*, No. WR-87,569-01 (Tex. Crim. App. Dec. 13, 2017). While this § 2254 action was pending, Petitioner filed a second state habeas application, signed on March 31, 2019, that was received by the trial court on April 17, 2019. (*See* doc. 10-2 at 2-21.) On June 19, 2019, the Texas Court of Criminal Appeals dismissed his second habeas application without written order for non-compliance with Texas Rule of Appellate Procedure 73.1. *See Ex parte Searcy*, No. WR-87,569-02 (Tex. Crim.

App. June 19, 2019).

B. **Substantive Claims**

The § 2254 petition raises the following grounds:

(1) Trial Judge Impermissible Prejudgment of Sentence/Arbitrary Refusal to Consider Entire Range of Punishment;

(2) Trial Judge was committed in advance to a particular outcome;

(3) Abuse of Discretion by Judge;

(4) Cruel & Unusual Punishment/ Gross Disproportionality;

(5) Actual Innocence;

(6) Judicial Disqualification;

(7) Cumulative Error;

(8) Lack of Jurisdiction;

(9) Tender of Performance/ Discharge by Agent; and

(10) Denial of Right to Effective Assistance of Counsel.

(doc. 3 at 6-7, 11-14.) Respondent filed a response on May 17, 2019, arguing that the petition should be dismissed because Petitioner failed to exhaust his ninth ground. (*See* doc. 10.) Petitioner did not file a reply.

## II.   APPLICABLE LAW

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1214, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326-27 (1997). Because Petitioner filed his petition after its effective date, the Act applies.

Title I of AEDPA substantially changed the way federal courts handle habeas corpus actions. Under § 2254(d), as amended by AEDPA, a state prisoner may not obtain relief

>with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —
>
>>(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>>
>>(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "In the context of federal habeas proceedings, a resolution (or adjudication) on the merits is a term of art that refers to whether a court's disposition of the case was substantive, as opposed to procedural." *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000).

Section 2254(d)(1) concerns pure questions of law and mixed questions of law and fact. *Martin v. Cain*, 246 F.3d 471, 475 (5th Cir. 2001). A decision is contrary to clearly established federal law within the meaning of § 2254(d)(1) "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 413 (2000). As for the "unreasonable application" standard, a writ may issue "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.*; *accord Penry v. Johnson*, 532 U.S. 782, 792 (2001). Likewise, a state court unreasonably applies Supreme Court precedent if it "unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Williams*, 529 U.S. at 407. "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 409; *accord Penry*, 532 U.S. at 793. "As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that

the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011). A petitioner must show that "there was no reasonable basis for the state court to deny relief." *Id.* at 98.

A federal district court must be deferential to state court findings supported by the record. *See Pondexter v. Dretke*, 346 F.3d 142,149-52 (5th Cir. 2003). The AEDPA has "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law. *Bell v. Cone*, 535 U.S. 685, 693 (2002) (citing *Williams*, 529 U.S. at 403-04). A state application that is denied without written order by the Texas Court of Criminal Appeals is an adjudication on the merits. *See Singleton v. Johnson*, 178 F. 3d 381, 384 (5th Cir. 1999); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997) (en banc) (holding that a denial signifies an adjudication on the merits while a "dismissal" means the claim was declined on grounds other than the merits).

Section 2254(d)(2) concerns questions of fact. *See Moore v. Johnson*, 225 F.3d 495, 501 (5th Cir. 2000). Under § 2254(d)(2), federal courts "give deference to the state court's findings unless they were 'based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.'" *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir. 2000). The resolution of factual issues by the state court is presumptively correct and will not be disturbed unless the state prisoner rebuts the presumption by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1).

### III. PRE-DETERMINED SENTENCE

In his first and second grounds, Petitioner contends that the trial judge impermissibly

prejudged his sentence, arbitrarily refused to consider the entire range of punishment, and "was committed in advance to a particular outcome." (doc. 3 at 6.) He alleges that on February 20, 2015, the "trial judge made a statement on the record to the effect that he would send the Petitioner to the penitentiary in the event of a finding of guilt whilst having prior knowledge that the Petitioner was eligible for probation." (*Id.*) Petitioner raised these claims in his first state habeas application, and the Texas Court of Criminal Appeals denied them when it denied the application. (*See* doc. 11-1; doc. 11-15 at 15, 19); *see also Ex parte Searcy*, No. WR-87,569-01 (Tex. Crim. App. Dec. 13, 2017).

    The record shows that the trial judge made hypothetical statements regarding the prospect of a sentence of imprisonment when he admonished Petitioner on self-representation and urged him to accept or retain counsel during a hearing on February 20, 2015. (*See* doc. 11-15 at 166-92.) At the hearing, in which Petitioner's competency and re-arraignment were also discussed, the trial judge advised Petitioner that he was charged with a serious offense, and stated, "Any time a jury could return a verdict wherein the trial court will sentence someone to serve ten years in prison, that is ten years in the penitentiary." (*Id.* at 174.) In admonishing Petitioner about self-representation, the trial judge stated, "[I]f we end up in jury trial and the jury returns a verdict of guilty and, hypothetically, if you were to qualify for community supervision and, hypothetically, the jury does not recommend community supervision and, hypothetically, if they return a verdict of punishment for ten years in prison, I've got this nagging feeling that you are going to be the first one to want this ten-year penitentiary prison sentence reversed[.]" (*Id.* at 175-76.) It further admonished, "But at the end of the day, if the result comes back in such a manner that [Petitioner's father] or [Petitioner's mother] or [Petitioner] is going to view it as not good, I'm going to pronounce sentence and I'm going to send [Petitioner] to the penitentiary. That's what the jury

does." *(Id.* at 186.)

Taken in context, the trial judge's statements could be reasonably understood to explain the seriousness of Petitioner's case and the potential consequences if he decided to proceed to trial without counsel. Additionally, Petitioner's conclusory allegations regarding the trial judge's alleged failure to consider the entire punishment range and alleged predetermination of the case's outcome are insufficient to raise a constitutional claim in this habeas proceeding. *See Schlang v. Heard*, 691 F.2d 796, 799 (5th Cir. 1982) ("Mere conclusory statements do not raise a constitutional issue in a habeas case.").

Petitioner has not shown that the state court's rejection of these claims was unreasonable, and the claims should be denied.

## IV. ABUSE OF DISCRETION

In his third ground, Petitioner contends that the trial judge abused his discretion because "after ruling against Petitioner in re [sic] various [sic] motions, trial judge refused to support his rulings with reference to any guiding principles and/or rules[.]" (doc. 3 at 7.) He claims that these rulings caused him to harbor doubts about the trial judge's impartiality and to believe that the rulings were arbitrary and unreasonable. (*See id.*) Petitioner raised this claim in his first state habeas application, and the Texas Court of Criminal Appeals denied it when it denied the application. (*See* doc. 11-1; doc. 11-15 at 17); *see also Ex parte Searcy*, No. WR-87,569-01 (Tex. Crim. App. Dec. 13, 2017).

Apart from conclusory assertions and speculation, Petitioner fails to explain and support his claim with any facts, evidence, or authorities to show that the trial judge abused his discretion by not referencing "any guiding principles and/or rules" in ruling against Petitioner in various, unidentified motions. He has not shown that the state court's denial of this claim was

7

unreasonable. *See Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990) ("'[M]ere conclusory allegations on a critical issue are insufficient to raise a constitutional issue.'"); *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983) ("Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition (in state and federal court), unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value."). The claim should be denied.

## V. CRUEL AND UNUSUAL PUNISHMENT

In his fourth ground, Petitioner alleges "Cruel & Unusual Punishment/ Gross Disproportionality." (doc. 3 at 7.) He appears to claim that his 20-year sentence of imprisonment for the offense of conviction constitutes cruel and unusual punishment and is grossly disproportionate because there "was no deadly weapon finding and no serious injuries were sustained by alleged victim (i.e. no broken skin or bones, no permanent damage)." (*Id.*) Petitioner raised this claim in his first state habeas application, and it was denied when the Texas Court of Criminal Appeals denied the application. (*See* doc. 11-1; doc. 11-15 at 26); *see also Ex parte Searcy*, No. WR-87,569-01 (Tex. Crim. App. Dec. 13, 2017).

The Cruel and Unusual Punishment Clause of the Eighth Amendment prohibits sentences that are grossly disproportionate to the offense. *See Lockyer v. Andrade*, 538 U.S. 63, 72 (2003). Although the "gross disproportionality principle" is clearly established, its "precise contours. . . are unclear" and "applicable only in the 'exceedingly rare' and 'extreme' case." *Id.* at 73 (internal quotation marks omitted). In assessing the proportionality of the sentence, the courts "first address the gravity of the offense compared to the harshness of the penalty." *Ewing v. California,* 538 U.S. 11, 28 (2003).

Here, Petitioner was convicted of third-degree felony assault on a public servant, and he was subject to a sentence enhancement based on a prior felony conviction. (*See* doc. 11-13 at 39; doc. 11-20 at 79-86.)  He was sentenced to 20 years' imprisonment. (*See* doc. 11-13 at 39.)  In Texas, the range of imprisonment for a third-degree felony is 2-10 years. *See* Tex. Pen. Code § 12.34(a).  When it is shown that the defendant has a previous felony conviction, a defendant convicted of a third-degree felony conviction "shall be punished for a felony of the second degree," which has an imprisonment range of 2-20 years.  Tex. Pen. Code § 12.42(a); *see also* Tex. Pen. Code § 12.33(a).

Petitioner's punishment did not exceed the statutory maximum sentence of imprisonment intended by the state legislature for the offense of conviction, as enhanced by a prior felony conviction, and he has not shown an "exceedingly rare" and "extreme" case in which the sentence constitutes cruel and unusual punishment.  Accordingly, he has not shown that the state court's rejection of this claim was unreasonable, and the claim should be denied.

## VI.  ACTUAL INNOCENCE

In his fifth ground, Petitioner contends that he is actually innocent of the offense of conviction. (*See* doc. 3 at 11.)  He claims that he took "no more than defensive action . . . against a trespasser in order to protect himself and his begotten daughter from undue harm, i.e. 'stranger danger,' and a threat of potentially deadly force from an unknown attacker wielding a deadly weapon." (*Id.*)  He claims that the public servant he was convicted of assaulting sustained his injuries as "the result of his own contributory negligence, willful execution of an unlawful arrest of the Petitioner, and, of course, the conspiracy to deprive Petitioner's agent of rights guaranteed to him by the U.S. constitution." (*Id.*)  Petitioner raised this claim in his first state habeas application, and it was denied when the Texas Court of Criminal Appeals denied the application.

9

(*See* doc. 11-1; doc. 11-15 at 11); *see also Ex parte Searcy*, No. WR-87,569-01 (Tex. Crim. App. Dec. 13, 2017)

Both the Supreme Court and the Fifth Circuit have held that a stand-alone claim of actual innocence is not a ground for federal habeas relief. *See Herrera v. Collins,* 506 U.S. 390, 400-01 (1993); *Dowthitt v. Johnson,* 230 F.3d 733, 741 (5th Cir. 2000). Even if a "truly persuasive" showing of actual innocence would warrant federal habeas relief, the threshold would be "extraordinarily high." *Herrera*, 506 U.S. at 417.

Petitioner has not met this high burden. A claim of "[a]ctual innocence means 'factual innocence, and not mere legal insufficiency.'" *United States v. Jones*, 172 F.3d 381, 384 (5th Cir. 1999) (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). Petitioner does not allege that he is factually innocent of the conduct that resulted in his conviction for assault on a public servant. (*See* doc. 3 at 11.) He admits the conduct, claiming that his actions were taken defensively, and that the victim was contributorily negligent for the injuries he sustained. (*See id.*) He offers only challenges to the legal sufficiency of his conviction, and fails to provide any newly discovered facts or evidence to show that he is factually innocent. Accordingly, he has not shown that the state court's rejection of this claim was unreasonable, and it should be denied.

## VII. JUDICIAL DISQUALIFICATION

In his sixth ground, Petitioner contends that the trial court abused its discretion and failed in its "ministerial duty" on September 4, 2014, and March 25, 2015, when it "arbitrarily and unreasonably denied the Petitioner's (and Petitioner's agent's) right to abatement[.]" (doc. 3 at 11.) He argues that the denial was made "contrary to established law." (*Id.*) He also alleges that the "trial judge did indeed act as advocate (i.e. counsel) for the Petitioner in the very case before him by entering a plea of 'not guilty' on Petitioner's behalf as Petitioner entered no plea

whatsoever." (*Id.*)  Petitioner raised this claim in his first state habeas application, and the Texas Court of Criminal Appeals denied it when it denied the application.  (*See* doc. 11-1; doc. 11-15 at 13); *see also Ex parte Searcy*, No. WR-87,569-01 (Tex. Crim. App. Dec. 13, 2017).

Petitioner filed a document in the trial court titled "Constitutional Demand for Abatement," and dated August 19, 2014.  (*See* doc. 11-15 at 92-96.)  It requested "abatement only" of the criminal case on grounds that he was not the defendant named in the indictment and the public servant he was charged with assaulting did not exist.  (*Id.* at 94; *see generally id.* at 92-96.)  He argued that "courts should take cognizance of the law that provides: 'Where conditions for its issuance exist, abatement is a matter of right, not of discretion;' The misnomer or misdescription of a party and/or defendant is ground for abatement; and Grounds for abatements are the same for equity and law cases."  (*Id.* at 95.)  The trial court reviewed and denied the request.  (*See id.* at 201-02.)

In Texas, "if the defendant alleges that he is not indicted by his true name, and refuses to say what his real name is, the cause shall proceed as if the name stated in the indictment were true; and the defendant shall not be allowed to contradict the same by way of defense."  Tex. Code Crim. Pro. art. 26.09.  Petitioner denied that he was the defendant named in the indictment and refused to give his name to the trial court on multiple occasions, up to and including trial.  (*See, e.g.*, doc. 11-15 at 93-95, 159-61, 176-77, 181, 199; doc. 11-17 at 10-11, 14, 20.)  Because the trial court was authorized under state law to proceed in the criminal case, the claim that his "right to abatement" was unreasonably and arbitrarily denied is without merit.  Additionally, although Petitioner alleges that the denial of his abatement demand was "contrary to established law," he fails to cite any authorities in support of this allegation.  (doc. 3 at 11.)  He is therefore not entitled to relief on this conclusory claim.

To the extent he argues that he is entitled to § 2254 relief because the trial judge entered a not guilty plea on his behalf, the record shows that Petitioner refused to enter a plea during the state proceedings, and he further admits that he "entered no plea whatsoever." (*See, e.g.*, doc. 3 at 11; doc. 11-15 at 148-50, 198-200; doc. 11-17 at 14.) In Texas, where "[i]f the defendant answers that he is not guilty, such plea shall be entered upon the minutes of the court; if he refuses to answer, the plea of not guilty shall in like manner be entered." Tex. Code Crim. Pro. art. 26.12. Because state law required that a plea of not guilty be entered where Petitioner refused to enter a plea, his claim is without merit.

The record shows that the trial judge acted in accordance with applicable state law regarding Petitioner's "right to abatement" and entry of his plea. Because his claims are meritless, Petitioner has not shown that the state court findings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. His claim should be denied.[3]

### VIII. CUMULATIVE ERROR

In his seventh ground, Petitioner contends that the "facts presented herein in support of all of the foregoing grounds are believed to be also prima facie evidence of violations/denials of due process and are hereby incorporated via reference for sake [sic] concision." (doc. 3 at 12.) He argues "that the trial judge was committed in advance to a particular outcome and did not impartially consider the evidence," that he "believes that trial judge did not conduct legal

---

[3] In this claim, Petitioner again alleges that the trial judge stated that he would send Petitioner to the penitentiary if he was found guilty despite knowing he was eligible for probation. (doc. 3 at 6, 11.) As discussed, based on the context, the statements could be reasonably understood as an attempt to explain the seriousness of Petitioner's case and the potential consequences if he decided to proceed to trial without counsel. Petitioner has not shown that the state court's rejection of this claim was unreasonable on this basis, and he is not entitled to relief.

12

proceedings by rules and forms established for protection of private rights," and that "the plea of 'not guilty' was not voluntarily and knowingly made, the entereing [sic] of said plea by the trial judge on behalf of Petitioner is believed to be a blatant violation of due process which only increases the prejudicial effect of the trial/pretrial errors." (*Id.*)

"[F]ederal habeas corpus relief may only be granted for cumulative errors in the conduct of a state trial where (1) the individual errors involved matters of constitutional dimension rather than mere violations of state law; (2) the errors were not procedurally defaulted for habeas purposes; and (3) the errors 'so infected the entire trial that the resulting conviction violates due process.'" *Turner v. Quarterman*, 481 F.3d 292, 301 (5th Cir. 2007) (quoting *Derden v. McNeel*, 978 F.2d 1453, 1454 (5th Cir. 1992)).

As discussed, Petitioner has not shown that there were errors of a constitutional dimension in the state court proceedings, so he has not shown that there were cumulative errors, or that the state court's rejection of this claim was unreasonable. He is not entitled to § 2254 relief on this claim, and it should be denied.

## IX. LACK OF JURISDICTION[4]

In his eighth ground, Petitioner alleges that he "believes that on multiple occasions the court and/or trial judge has indeed: a) committed violations of due process, b) failed to follow statutory procedure, c) exceeded their statutory authority, d) engaged in unlawful activity, and e) acted under state law in a manner violative of the federal constitution, and that the facts presented in support of all of the foregoing grounds also support this ground." (doc. 3 at 12.) Petitioner

---

[4] Petitioner labeled his eighth ground "Lack of Jurisdiction." (doc. 3 at 12.) He does not, however, allege that the trial court lacked jurisdiction. To the extent the label of his eighth ground can be liberally construed to raise a claim challenging the trial court's jurisdiction in his criminal case, he has failed to support such a challenge with any facts, evidence, or authorities. This conclusory claim is therefore without merit, and Petitioner has not shown that the state court's rejection of it was unreasonable. Accordingly, to the extent this claim is raised, it should be denied.

13

raised this claim in his first state habeas application, and the Texas Court of Criminal Appeals denied it when it denied the application. (*See* doc. 11-1; doc. 11-15 at 37); *see also Ex parte Searcy*, No. WR-87,569-01 (Tex. Crim. App. Dec. 13, 2017).

Petitioner does not identify any instances in which the trial court committed the acts alleged. His conclusory and unsubstantiated allegations are insufficient to warrant § 2254 relief. *See Schlang*, 691 F.2d at 799; *Ross*, 694 F.2d at 1011; *Koch*, 907 F.2d at 530. Further, to the extent he seeks to incorporate the same arguments raised in his other grounds for relief to support this claim, he has not shown that the state court's rejection of those grounds was unreasonable, as discussed.

Petitioner has failed to show that the state court's rejection of this claim was unreasonable, and the claim should be denied.

### X. TENDER OF PERFORMANCE/DISCHARGE BY AGENT

In his ninth ground, Petitioner contends that on March 5, 2018, he served a "Notice of Discharge and Tender of Performance," along with a simple bond in the amount of $72,000,000 and several other documents, to the District Clerk for Ellis County, Texas (Ellis County Clerk), in connection with the indictment in his case. (doc. 3 at 12-13.) He argues that the simple bond was presented to and unconditionally accepted by the Ellis County Clerk, who agreed to "'diligently work to ensure that [Petitioner] is discharged from imprisonment in the [TDCJ-CID] without delay.'" (*Id.* at 13.) He claims that, on July 18, 2018, he served the Ellis County Clerk with a "Notice of Default and Nonacceptance in re Breach" to notify the Ellis County Clerk "of her default and failure to perform as contracted," and of his "refusal to assent to [the Ellis County Clerk's] non-conforming conduct, [his] intent to keep the contract alive[, and his] nonacceptance of [the Ellis County Clerk's] breach of said contract." (*Id.*)

A petitioner must fully exhaust state remedies before seeking federal habeas relief. 28 U.S.C. § 2254(b). To exhaust under § 2254, he must fairly present the factual and legal basis of any claim to the highest available state court for review prior to raising it in federal court. *See Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). In Texas, a prisoner must present his claim to the Texas Court of Criminal Appeals in a PDR or a state application for a writ of habeas corpus. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986); *Richardson*, 762 F.2d at 432. A petitioner must also present his claims in a procedurally correct manner. *See Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001); *Deters*, 985 F.2d at 795.

The normal rule that a state court must explicitly apply a procedural bar to preclude federal review does not apply to those cases where a petitioner has failed to exhaust his state court remedies, and the state court to which he would be required to present his unexhausted claims would now find those claims to be procedurally barred. *See Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991). In those cases, the federal procedural default doctrine precludes federal habeas corpus review. *Id.*; *see also Nobles v. Johnson*, 127 F.3d 409, 423 (5th Cir. 1997) (finding unexhausted claim that would be barred by the Texas abuse-of-the-writ doctrine if raised in a successive state habeas petition to be procedurally barred).

Petitioner raised this claim in his second state habeas application. (*See* doc. 10-2 at 7-8.) Because his second state habeas application was dismissed for failure to comply with Texas Rule of Appellate Procedure 73.1, however, his claim has not been presented to the highest available state court for review in a procedurally correct manner, and it is therefore unexhausted. *See Beazley*, 242 F.3d at 263; *Deters*, 985 F.2d at 795. He would be barred from raising the claim in a successive state habeas application, so his claim is also procedurally barred from federal habeas

15

review. *See Nobles*, 127 F.3d at 423. Nevertheless, the Texas bar on successive or subsequent state habeas applications "will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." *Trevino v. Thaler*, 569 U.S. 413, 429 (2013) (quoting *Martinez v. Ryan*, 566 U.S. 1, 17 (2012)). "A 'substantial' claim is one that has 'some merit.'" *Ibarra v. Davis*, 738 F. App'x 814, 817 (5th Cir. 2018) (citation omitted). "An insubstantial claim is one which 'does not have any merit' or is 'wholly without factual support.'" *Id.* A determination of the merits of Petitioner's unexhausted claim is therefore required.

Here, Petitioner claims that he entered into a contract with the Ellis County Clerk for his release from TDCJ-CID custody. (*See* doc. 3 at 12-13.) He claims that the Ellis County Clerk breached the contract because he was not discharged from TDCJ-CID custody, and that he did not accept the breach. (*See id.*) Petitioner has not shown the existence of a valid and enforceable contract, much less or the breach of such a contract, however. Nor has he shown that his claim relating to the alleged formation and breach of a contract constitutes a constitutional violation warranting relief under § 2254. His conclusory and unsubstantiated allegations are without merit, and this ground is not a substantial claim that excuses the procedural bar. *See Ibarra*, 738 F. App'x at 817. His claim should be denied.

## XI. INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL

In his tenth ground, Petitioner contends that his appellate counsel rendered ineffective assistance. (*See* doc. 3 at 13-14.) He raised this claim in his first state habeas application, and the Texas Court of Criminal Appeals denied it when it denied the application. (*See* doc. 11-1; doc. 11-15 at 27-28); *see also Ex parte Searcy*, No. WR-87,569-01 (Tex. Crim. App. Dec. 13, 2017).

The Sixth Amendment to the United States Constitution provides, in relevant part, that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. CONST. amend. VI. It guarantees a criminal defendant the effective assistance of counsel, both at trial and on appeal. *Strickland v. Washington*, 466 U.S. 668, 686 (1984); *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). To successfully state a claim of ineffective assistance of counsel, the petitioner must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland*, 466 U.S. at 687. A failure to establish either prong of the *Strickland* test requires a finding that counsel's performance was constitutionally effective. *Id.* at 697. The Court may address the prongs in any order. *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000).

In determining whether counsel's performance is deficient, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. "The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." *Id.* at 691. To establish prejudice, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694; *see Williams*, 529 U.S. at 393 n.17 (recognizing that inquiry focuses on "whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair."). Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would likely have been different absent counsel's alleged errors. *Strickland*, 466 U.S. at 695-96.

The federal constitution also guarantees a criminal defendant the effective assistance of counsel on appeal. *Evitts*, 469 U.S. at 396. Whether appellate counsel has been ineffective is also determined by using the standard enunciated in *Strickland*. Under *Strickland*, the petitioner must show a reasonable probability that but for counsel's deficient representation, he would have prevailed on his appeal. *Briseno v. Cockrell*, 274 F.3d 204, 207 (5th Cir. 2001).

To render effective assistance of counsel, appellate counsel need not raise every non-frivolous issue on appeal. *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999). "Instead, to be deficient, the decision not to raise an issue must fall 'below an objective standard of reasonableness.'" *United States v. Phillips*, 210 F.3d 345, 348 (5th Cir. 2000) (quoting *Strickland*, 466 U.S. at 688). "[A] reasonable attorney has an obligation to research relevant facts and law, or make an informed decision that certain avenues will not prove fruitful. Solid, meritorious arguments based on directly controlling precedent should be discovered and brought to the court's attention." *Williamson*, 183 F.3d at 462-63 (footnote and internal citations omitted). To determine whether appellate counsel was deficient, courts must consider whether the challenge "would have been sufficiently meritorious such that [counsel] should have raised it on appeal." *Phillips*, 210 F.3d at 348.

Petitioner argues that appellate counsel was ineffective because he sent her a letter dated April 5, 2016, in which he "expressed interest in pursuit of certain errors and to discuss them further in person with [appellate counsel] at the attorney-client visit she had on more than one occasion promised but never delivered." (doc. 3 at 13-14.) He argues that he "was not apprised of the direction to be heeded in the prosecution of the case before [appellate counsel] prepared and filed a brief which raises only one issue that at best would address only harmless error in total disregard of the Petitioner's best interest and without allowing opportunity to review and/or

approve/disapprove said brief, or otherwise consulting with Petitioner, before filing said brief." (*Id.* at 14.) He also alleges that appellate counsel did not notify him when the appellee's brief was filed and did not notify him that she failed to meet appellate court deadlines, "further depriving Petitioner of due notice and opportunity to defend." (*Id.*) He believes appellate counsel "did indeed deliberately subvert the appeal in furtherance of an ongoing conspiracy" with others to deny Petitioner his constitutional rights. (*Id.*)

Here, Petitioner does not allege any claim on appeal that appellate counsel could or should have raised as the result of any consultation with him or notification to him regarding appellate filings and deadlines. He also fails to show a reasonable probability that the outcome of his appeal would have been different. He therefore has not shown any "[s]olid, meritorious arguments based on directly controlling precedent" that counsel should have raised on direct appeal, and he has not shown *Strickland* prejudice.[5] *Williamson*, 183 F.3d at 462-63. Further, he provides no more than conclusory allegations that appellate counsel was part of a conspiracy to deprive him of his constitutional rights. Conclusory allegations are insufficient to show ineffective assistance of counsel under *Strickland*. *See Miller*, 200 F.3d at 282 ("conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding."); *Green*

---

[5] A letter from Petitioner to appellate counsel dated April 15, 2016, was included in the state records. (*See* doc. 115-15 at 119-23.) In it, Petitioner denied that he was a party to his criminal case and claimed that the trial court lacked jurisdiction. (*See id.* at 120-21.) He also claimed that the trial judge was disqualified based on a statement made at a hearing on February 20, 2015 (discussed in Petitioner's first and second § 2254 grounds), and he alleged that the trial court's entry of a not guilty plea violated the Texas Constitution. (*See id.*) According to Petitioner, because the trial court judge was disqualified, his conviction was void. (*See id.* at 121.) As discussed, Petitioner has not shown that he is entitled to § 2254 relief on his claims relating to his status as the defendant charged in the indictment, the entry of a plea of not guilty, and the trial court's statements at the February 20, 2015, and he has not shown that the state court's rejection of those claims was unreasonable. Accordingly, to the extent the petition can be liberally construed to allege that appellate counsel should have raised the claims referenced in the April 15, 2016 letter on appeal, Petitioner fails to show that they are "solid, meritorious arguments based on directly controlling precedent," and that there was a reasonable probability of a different outcome on appeal. *Williamson*, 183 F.3d at 462-63. Because he has not shown that counsel was ineffective for failing to raise the claims in his April 15, 2016 letter, he fails to show that the state court's rejection of his ineffective assistance of appellate counsel claim was unreasonable. The claim should therefore be denied.

*v. Johnson*, 160 F.3d 1029, 1042 (5th Cir. 1998) ("Mere conclusory allegations in support of a claim of ineffective assistance of counsel are insufficient to raise a constitutional issue.").

Because Petitioner has not shown that appellate counsel was ineffective, he has not shown that the state court's rejection of this claim was unreasonable. This conclusory claim should be denied.

## XII.   RECOMMENDATION

The *Petition for a Writ of Habeas Corpus by a Person in State Custody*, received on March 8, 2019 (doc. 3), should be **DENIED** with prejudice.

**SIGNED this 17th day of December, 2021.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE