FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| HARVEY LELANE SEARCY, )<br>    ID # 02031801, )<br>        Petitioner, )<br>)<br>vs. )<br>)<br>DIRECTOR, Texas Department of Criminal )<br>Justice, Correctional Institutions Division, )<br>        Respondent. ) | No. 3:19-CV-580-K-BH<br><br><br>Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court is the *Motion for Relief from Judgment and Related Orders*, received on February 15, 2022 (doc. 30). Based on the relevant filings and applicable law, the motion should be **DENIED**.

### I. BACKGROUND

Harvey Lelane Searcy (Petitioner), an inmate currently incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 that was received on March 8, 2019. (*See* doc. 3.) On December 17, 2021, it was recommended that the petition be denied with prejudice. (*See* doc. 22.) The recommendation was adopted, the § 2254 petition was denied with prejudice, a certificate of appealability was denied, and judgment was entered on January 5, 2022. (*See* docs. 23-25.) On January 19, 2022, Petitioner's motion for an extension of time to object to the recommendation and his objections were both received. (*See* docs. 26-27.) The motion for an extension of time was granted on January 25, 2022, and the objections were overruled by order dated February 7, 2022. (*See* docs. 28-29.) Because the objections were overruled, the judgment

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

remained undisturbed. (*See* doc. 29.) Petitioner now moves for relief from the orders and the judgment entered on January 5, 2022. (*See* doc. 30.)

## II.     FED. R. CIV. P. 60(b)

Petitioner seeks relief under Federal Rule of Civil Procedure 60(b)(4). (*See id.* at 1.)

Rule 60(b) provides that upon motion, a court may relieve a party from a final judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered earlier; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or it is based on an earlier judgment that has been reversed or vacated, or applying the judgment prospectively is no longer equitable; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b)(1)-(6). A Rule 60(b) motion must be made within a reasonable time, and no longer than one year after the judgment or order was entered under subsections (1), (2), and (3). *See* Fed. R. Civ. P. 60(c)(1).

Under Rule 60(b)(4), a party is entitled to relief from a judgment that is void. Fed. R. Civ. P. 60(b)(4). The Fifth Circuit has recognized two circumstances under which a district court's judgment may be set aside under Rule 60(b)(4) as void: (1) if the district court lacked subject matter or personal jurisdiction over the case, or (2) if the district court acted in a manner contrary to due process. *Brumfield v. La. State Bd. of Educ.*, 806 F.3d 289, 298 (5th Cir. 2015) (quoting *Williams v. New Orleans Pub. Serv., Inc.*, 728 F.2d 730, 735 (5th Cir. 1984)). Due process in civil cases usually requires only proper notice and service of process and a court of competent jurisdiction, and even serious procedural irregularities during the course of the civil case will not subject the judgment to collateral attack. *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 143 (5th Cir. 1996). The Fifth Circuit has further explained, "[u]nder our system of justice, the opportunity

2

to be heard is the most fundamental requirement." *Id.*; *accord Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950) ("'The fundamental requisite of due process of law is the opportunity to be heard.'").

Here, Petitioner argues that the orders and judgment entered on January 5, 2022, are void "since they were entered/signed on 'January 5th, 2022' which is prior to the date when the instant court obtained 'jurisdiction' to enter them (i.e. January 7th, 2022)[.]" (doc. 50 at 1.) He claims that under Federal Rule of Civil Procedure 5(b)(2)(C), the recommendation was actually served on December 20, 2021 "according to the 'Pitney Bowes U.S. postage sticker' on the envelope which was used to mail" it, and that fourteen days from this date was January 3, 2022. (*Id.* at 1-2.) He claims that he had three additional days to file his objections under Federal Rule of Civil Procedure 6(d), "which would render their filing deadline 'January 6th, 2022.'" (*Id.* at 2.) He argues that the "premature entry" of the orders and judgment on January 5, 2022, denied him "due process whereas the method whereby they are entered, i.e. via unlawful assumption of jurisdiction, is not consistent with fundamental principles of liberty and justice." (*Id.*) He further argues that their entry "is tantamount to a procedure which fails to give the Petitioner a complete opportunity to present their defense and prevents a full disclosure of the facts to establish a significant element of the Petitioner's defense and thus lacks the essentials of due process and violates the Fourteenth Amendment." (*Id.*) According to him, the entry of the orders and judgment on January 5, 2022, constitutes "plain error." (*Id.*)

Assuming for purposes of this motion only that the objection period for the recommendation expired on January 6, 2022, as alleged by Petitioner, he has not shown that the orders and judgment are void. For them to be void based on their alleged premature entry, "not only must the procedural deviation rise to the level of a 'fundamental infirmity,' but the resulting

judgment [and orders] must also be 'affected by' that infirmity." *Taylor v. Colvin*, 616 F. App'x 685, 687 (5th Cir. 2015) (per curiam). Petitioner fails to make this showing.

Even if the challenged orders and judgment had been entered on January 6, 2022, as Petitioner alleges, his objections and motion for an extension of time would still not have been received by that date because they were mailed no earlier than January 11, 2022, according to him. (*See* docs. 26 at 2-3; doc. 27 at 15.) Additionally, when his late-filed motion for an extension of time and the objections were received, the motion was granted, and his objections to the recommendation were considered and overruled. (*See* docs. 28-29.) Because Petitioner's request for an extension of time and objections would not have been received by January 6, 2022, and because the late-filed objections were ultimately considered and overruled, any alleged error in the entry of the orders and judgment on January 5, 2022 did not "affect" the challenged orders and judgment and render them void. *See Taylor*, 616 F. App'x at 687 (holding that judgment was not void because any error in entering judgment six days early did not affect the judgment where the court would not have received the claimant's objections as of the date the claimant alleged the court should have waited before entering judgment). Accordingly, Petitioner is not entitled to relief under Rule 60(b)(4), and his motion should be denied.

### III.    RECOMMENDATION

The *Motion for Relief from Judgment and Related Orders*, received on February 15, 2022 (doc. 30), should be **DENIED**.

**SIGNED this 24th day of February, 2022.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

4

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE